UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-CV-362 AGF |
| ) | |
| J.T. SHARTLE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having carefully reviewed the record, the Court will order petitioner to show cause as to why the it should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

**The Petition**

On August 12, 2013, petitioner pled guilty to robbery in the first degree and robbery in the second degree. On August 22, 2013, petitioner was sentenced to ten years imprisonment on both counts, concurrent to one another and concurrent to three federal sentences in *United States v. Parker*, Nos. 2:12CR4005 FJG, 2:12CR4029 FJG and 2:10CR4055 FJG (W.D.Mo.)[1]. *See State v.*

---

[1] On January 23, 2012, Case No. 2:12CR4005 FJG (W.D.Mo), was transferred from the Northern District of Iowa to the Western District of Missouri for entry of a guilty plea and for sentencing. Petitioner entered a guilty plea to felony bank robbery on July 30, 2012, and he was sentenced by the District Court on March 15, 2013 to 100 months' imprisonment, to be served concurrently with Case Nos. 12-04029-1 and 10-04055-1. Petitioner did not appeal his conviction or sentence.

On March 30, 2012, Case No. 2:12CR4029 FJG (W.D.Mo), was transferred from the District of Oregon to the Western District of Missouri for entry of a guilty plea and sentencing. Petitioner entered a guilty plea to three counts of bank robbery on July 30, 2012, and he was sentenced by the

1

*Parker*, No. 10SL-CR08721-01 (21st Judicial Circuit, St. Louis County). Petitioner's conviction and sentence were affirmed on direct appeal on May 7, 2013. *See Parker v. State*, No.ED101566 (Mo.Ct.App.).

Petitioner failed to file any motions for post-conviction relief, although he did file a state habeas corpus motion, pursuant to Mo.Sup.Ct.R.91 on June 27, 2016, seeking to have his conviction and sentence overturned. *See Parker v. State*, No. 16SL-CC02838 (21st Judicial Circuit, St. Louis County). The motion was denied without a hearing on August 4, 2016. *Id.*

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by placing his application for writ in the prison mailing system on March 27, 2017.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

District Court on March 15, 2013 to 100 months' imprisonment, to be served concurrently with Case Nos. 12-4005-1 and 10-04055-1. Petitioner did not appeal his conviction or sentence.

On November 2, 2010, Kenneth D. Parker was indicted on two counts of bank robbery in Case No. 2:10CR4055 FJG (W.D.Mo). On July 30, 2012, defendant entered a plea of guilty to both counts of felony bank robbery, and he was sentenced by the District Court on March 15, 2013 to 100 months' imprisonment, to be served concurrently with Case Nos. 12-04029-1 and 10-04005-1. Petitioner did not appeal his conviction or sentence.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The United States Supreme Court, in *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), held that a judgment becomes final under § 2244)(d)(1)(A) when the time for seeking review in the state's highest court expires. For Missouri prisoners, like petitioner, who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen (15) days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See* Mo.S.Ct.R. 83.02. Thus, petitioner's statute of limitations expired on May 22, 2014. And he was almost three years late in filing the instant action.

In an attempt to assert that his habeas action is timely, petitioner asserts that a new rule of constitutional law was amended by the Supreme Court effecting petitioner's conviction. Specifically, he claims that he is "serving a state sentence where a hypothetical approach was used to convict [him of robbery] in light of the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015)."

In *Johnson*, the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is

unconstitutionally vague. 135 S.Ct. at 2551.[2] *Johnson* did not review Missouri's State criminal statutes such that it would be applicable to petitioner's state court robbery conviction in this action. Moreover, *Johnson* was decided on June 26, 2015; thus, to the extent *Johnson* would have applied, petitioner is untimely in bringing his claims under *Johnson*.[3]

In light of the aforementioned, the Court will order petitioner to show cause, in writing and no later than thirty (30) days from the date of this Order, why this action should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

---

[2] The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch,* 136 S. Ct. 1257 (2016).

[3] To the extent petitioner is attempting to attack his state court robbery conviction as a factual predicate to his federal robbery convictions in the Western District of Missouri, he must file a 28 U.S.C. § 2255 motion pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), in the Western District where he was sentenced. Furthermore, any claims relating to his "jail time credit" should be first reviewed with the Bureau of Prisons through their administrative procedures. If petitioner is unable to find the relief he seeks through the BOP's administrative procedures, he may then file a petition for relief in the District Court where he is being held, pursuant to 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that petitioner's motion for case status [Doc. #18] is **DENIED AS MOOT**.

Dated this 28th day of December, 2017.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE