UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH D. PARKER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:17-CV-362 AGF |
| J.T. SHARTLE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments as to timeliness are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

**The Petition**

On August 12, 2013, petitioner pled guilty to robbery in the first degree and robbery in the second degree. On August 22, 2013, petitioner was sentenced to ten years imprisonment on both counts, concurrent to one another and concurrent to three federal sentences in *United States v. Parker*, Nos. 2:12CR4005 FJG, 2:12CR4029 FJG and 2:10CR4055 FJG (W.D.Mo.)[2]. *See State v.*

---

[1] On December 28, 2017, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred. In his response to the Order to Show Cause, petitioner states that he is no longer pursuing ground two in his amended petition for writ of habeas corpus which asserts that his ex post facto rights were violated when he was denied jail time credit.

[2] On January 23, 2012, Case No. 2:12CR4005 FJG (W.D.Mo), was transferred from the Northern District of Iowa to the Western District of Missouri for entry of a guilty plea and for sentencing. Petitioner entered a guilty plea to felony bank robbery on July 30, 2012, and he was sentenced by the District Court on March 15, 2013 to 100 months' imprisonment, to be served concurrently with Case Nos. 12-04029-1 and 10-04055-1. Petitioner did not appeal his conviction or sentence.

1

*Parker*, No. 10SL-CR08721-01 (21ˢᵗ Judicial Circuit, St. Louis County). Petitioner's conviction and sentence were affirmed on direct appeal on May 7, 2013. *See Parker v. State*, No.ED101566 (Mo.Ct.App.).

Petitioner failed to file any motions for post-conviction relief, although he did file a state habeas corpus motion, pursuant to Mo.Sup.Ct.R.91 on June 27, 2016, seeking to have his conviction and sentence overturned. *See Parker v. State*, No. 16SL-CC02838 (21ˢᵗ Judicial Circuit, St. Louis County). The motion was denied without a hearing on August 4, 2016. *Id.*

Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by placing his application for writ in the prison mailing system on March 27, 2017.

## Discussion

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly, petitioner=s judgment of

---

On March 30, 2012, Case No. 2:12CR4029 FJG (W.D.Mo), was transferred from the District of Oregon to the Western District of Missouri for entry of a guilty plea and sentencing. Petitioner entered a guilty plea to three counts of bank robbery on July 30, 2012, and he was sentenced by the District Court on March 15, 2013 to 100 months' imprisonment, to be served concurrently with Case Nos. 12-4005-1 and 10-04055-1. Petitioner did not appeal his conviction or sentence.

On November 2, 2010, Kenneth D. Parker was indicted on two counts of bank robbery in Case No. 2:10CR4055 FJG (W.D.Mo). On July 30, 2012, defendant entered a plea of guilty to both counts of felony bank robbery, and he was sentenced by the District Court on March 15, 2013 to 100 months' imprisonment, to be served concurrently with Case Nos. 12-04029-1 and 10-04005-1. Petitioner did not appeal his conviction or sentence.

conviction became final on May 22, 2014; fifteen (15) days after the Missouri Court of Appeals affirmed his conviction on direct appeal. Thus, petitioner was almost three years late in filing the instant action in this Court.

In his response to the Order to Show Cause, petitioner once again asserts that his habeas petition is timely because a new rule of constitutional law was amended by the Supreme Court effecting petitioner's conviction. Specifically, he claims that he is "serving a state sentence where a hypothetical approach was used to convict [him of robbery] in light of the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015)."[3]

As stated in the Court's December 28, 2017 Memorandum and Order, the holding espoused in *Johnson* does not apply to petitioner's state court conviction. *Johnson* did not review Missouri's State criminal statutes such that it would be applicable to petitioner's state court robbery conviction in this action, and petitioner has not cited to any case law supporting his position.

As petitioner has failed to give support to his position why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244 as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that that petitioner's amended application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

---

[3]In *Johnson*, the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. 135 S.Ct. at 2551.

**IT IS FURTHER ORDERED** that petitioner's motion for order to show cause [Doc. #20] is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 13th day of February, 2018.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE